FREDERICK W. KUEHN, Respondent, *v.* SYRACUSE RAPID TRANSIT RAILWAY COMPANY, Appellant.

PRACTICE — RELEASE FROM DAMAGES AND STIPULATION FOR DISCONTINUANCE OF ACTION. The defendant procured from the plaintiff a general release from all damages and a stipulation for discontinuance, which fact was not brought to the knowledge of the plaintiff's counsel, or of the court, until after the impaneling of a jury, when plaintiff's counsel objected to any recognition of said instruments and insisted upon a continuance of the action to establish their attorney's lien. Defendant's counsel thereupon offered to pay them any sum to which they were entitled for costs, disbursements and compensation, and asked for a reference to determine the fact of the execution of the instruments, which request the court denied and permitted the trial to proceed. A verdict for the plaintiff was rendered, and on a motion to set aside the same made by defendant's counsel, the court received affidavits on behalf of the plaintiff challenging the honesty and fairness of the settlement, but declined to receive opposing affidavits. Upon these facts, *held :* 1. As a general rule the validity of a settlement cannot arise or be determined after a trial resulting in a verdict by a jury. 2. When a motion is made to set aside a verdict on the ground that the action had been previously settled by a release of damages and a stipulation of discontinuance, and the plaintiff does not object to the hearing of such motion, but files affidavits challenging the fairness and honesty of such settlement, it is error for the court to decide the issue thus tendered without receiving opposing affidavits or directing a reference to take proofs.

*Kuehn* v. *Syracuse Rapid Transit Ry. Co.*, 104 App. Div. 580, reversed.

(Argued January 8, 1906; decided January 23, 1906.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 3, 1905, which affirmed an order of a Trial

Term denying a motion for an order setting aside a verdict and discontinuing the action.

The nature of the action, the facts, so far as material, and the questions certified are stated in the opinion.

*Charles E. Spencer* for appellant. It was error for the trial court to allow the trial of this action to continue under the circumstances shown by the record. (*Fischer-Hansen* v. *B. H. R. R. Co.*, 173 N. Y. 492; *Peri* v. *N. Y. C. & H. R. R. R. Co.*, 152 N. Y. 521; *Poole* v. *Belcha*, 131 N. Y. 200; *Lee* v. *V. O. Co.*, 126 N. Y. 579; *Young* v. *Howell*, 64 App. Div. 246; *Pomeranz* v. *Marcus*, 86 App. Div. 321; *Corbit* v. *Watson*, 88 App. Div. 467; *Dolliver* v. *American S. B. Co.*, 32 Misc. Rep. 264; *Cohn* v. *Polstein*, 41 Misc. Rep. 431; *Witmark* v. *Perley*, 43 Misc. Rep. 14; *Gurley* v. *Gruenstein*, 44 Misc. Rep. 268.) The defendant was entitled to an order of discontinuance of this action, and to have the verdict set aside upon its application, under the circumstances disclosed by the record upon paying plaintiff's attorneys the amount of their compensation, costs and disbursements upon the basis of the alleged settlement. (*Doyle* v. *N. Y., O. & W. R. R. Co.*, 66 App. Div. 402; *Lee* v. *V. O. Co.*, 126 N. Y. 579; *Kreuzen* v. *F. S. S., etc., R. R. Co.*, 13 N. Y. Supp. 588; *Cobb* v. *Hatfield*, 46 N. Y. 533; *Baird* v. *Mayor, etc.*, 96 N. Y. 567; *Gould* v. *C. Co. Nat. Bank*, 86 N. Y. 75; *McMichael* v. *Kilmer*, 76 N. Y. 36; *Schiffer* v. *Dietz*, 83 N. Y. 300; *Curtiss* v. *Howell*, 39 N. Y. 215; *Kelly* v. *C. M. L. I. Ins. Co.*, 27 App. Div. 336.)

*Frank C. Sargent* for respondent. The first, third and fourth questions should be answered in the negative. (Code Civ. Pro. § 55; *Birdsall Co.* v. *Ayres*, 50 N. Y. S. R. 243.)

WERNER, J. This action was brought to recover damages for personal injuries alleged to have been sustained by the plaintiff through the negligence of the defendant. The present appeal has no relation to the merits of the case, but

arises upon the question whether the learned trial court properly declined to order a discontinuance of the action upon the motion of the defendant. The questions certified with the permission to appeal to this court are:

1. Was it error to permit the trial court to continue the trial under the circumstances disclosed by the record?

2. Was it necessary for the defendant to plead the alleged stipulation and release in a supplemental answer, in order to avail themselves of them?

3. Was the defendant entitled to an order of discontinuance of this action, and to have the verdict set aside upon its application under the circumstances disclosed by the record, upon paying plaintiff's attorneys the amount of their compensation, costs and disbursements upon the basis of the alleged settlement?

4. Was it error to deny defendant's application for leave to file additional affidavits?

The procedure in this case, a detailed recital of which is essential to a proper understanding of the questions certified, illustrates the facility with which mistakes in practice may be multiplied when once a wrong beginning has been made, as well as the difficulty of making satisfactory answers to certified questions when neither side has a monopoly of the errors committed.

It appears that the defendant, several days before the case was moved for trial, obtained from the plaintiff a general release from all damages and a stipulation for the discontinuance of the action. At the trial, after a jury had been impaneled and when plaintiff's counsel was about to make his opening statement of the case, defendant's counsel produced the stipulation signed by the plaintiff and defendant respectively, and asked for a discontinuance of the action. This was the first intimation to plaintiff's counsel that a settlement of the action had been effected. Their client was not in court, and they objected to any recognition of the stipulation on the ground that it had not been pleaded, and insisted upon a continuance of the action to establish their attorney's lien.

Defendant's counsel then and there expressed their readiness to pay to plaintiff's counsel any and all sums to which they were entitled for their costs, disbursements and compensation upon the basis of the settlement. This offer was declined, and, after an extended colloquy between the court and the respective counsel, the matter was adjourned until the following day. Pending this adjournment plaintiff's counsel had an interview with their client and learned that an agent of the defendant, accompanied by the minister of the church attended by the plaintiff, called at the house of the latter, paid him $500 in cash, promised to pay him $2,000 more, and induced him to sign a receipt, a general release and a stipulation for the discontinuance of the action without costs. This stipulation was also signed by an officer of the defendant. When the court reconvened after the adjournment referred to, plaintiff's counsel claimed that the release and stipulation had been procured by fraud and deception practiced upon the plaintiff by the agents of the defendant. In the course of the discussion which ensued, the learned trial court intimated that if the settlement had been honestly procured, the lien of plaintiff's counsel was thereby transferred from the cause of action to the fund created by the settlement. At this point defendant's counsel suggested to the court that a reference should be ordered to ascertain whether the plaintiff had signed the papers, and the court replied, " No, unless you desire to move to put the case over the term and amend your answer the case will have to go on." Further discussion followed, as a result of which plaintiff's counsel were permitted to open the case to the jury and to introduce evidence on behalf of the plaintiff. After the direct examination of the latter he was cross-examined by defendant's counsel as to his signature to the stipulation for discontinuance, and it was offered in evidence but excluded under the objection of plaintiff's counsel. Other witnesses were then called on behalf of the plaintiff, but were not cross-examined. The plaintiff himself was then recalled for further cross-examination, and the defendant's counsel made a second unsuccessful attempt to put the stipulation in

evidence.  At the close of the plaintiff's case defendant's counsel protested against the taking of evidence in the action, on the ground that the case had been settled, and again presented the stipulation to the court, with the request that an order of discontinuance be entered thereon.  The application was denied and defendant's counsel excepted.  A motion was then made for a dismissal of the complaint on the ground that it appeared that the plaintiff and the defendant had discontinued the action before it was moved for trial, and that motion was also denied.  Then defendant's counsel called the claim agent of the defendant as a witness, and after identifying the stipulation and proving plaintiff's signature thereto, again offered it in evidence.  Plaintiff's counsel objected that it was incompetent and inadmissible under the pleadings.  The court sustained this objection. The release referred to was then shown to the witness and identified by him as a paper which had also been signed by the plaintiff, and defendant's counsel offered it in evidence in connection with the stipulation.  Plaintiff's counsel objected to it as incompetent and inadmissible under the pleadings, and the objection was sustained.  The clergyman who accompanied the defendant's claim agent at the time when the stipulation and release were executed by the plaintiff, was also called as a witness on behalf of the defendant, and another attempt was made to prove the plaintiff's execution of the papers referred to, but the objections of plaintiff's counsel were again sustained.  At this juncture defendant's counsel stated that " in view of the situation in this case, I call upon the attorneys for the plaintiff to specify or state the amount of their claim or lien which they claim to have upon this cause of action."  This the plaintiff's counsel refused to do, and then defendant's counsel, on behalf of the defendant, tendered to plaintiff's counsel the sum of $1,500 in gold to cover their lien in the case.  This offer was also declined by plaintiff's counsel, not on the ground of any informality or technicality, but because there had been no settlement of the case.  At the close of the proceedings, which have been

detailed in bare outline, the court submitted the case to the jury, and a verdict was rendered for the plaintiff.

Thereafter defendant's counsel moved to set aside the verdict and for an order of discontinuance upon the stipulation and release referred to. Before the hearing of the argument on this motion, plaintiff's counsel in open court tendered back to the defendant the sum of $500 which the latter had paid to the plaintiff at the time of the execution of the stipulation and release. Defendant's counsel refused to accept the money and objected to the tender on the ground that it was too late, because it was made after the rendition of the verdict. Plaintiff's counsel thereupon produced and read affidavits in opposition to the motion for a discontinuance of the action. Defendant's counsel objected to the reading and filing of these affidavits, and stated that if they were to be received and filed he would like the privilege of presenting answering affidavits. This request was denied and the defendant's counsel excepted to the ruling.

The foregoing recital of the proceedings which followed the execution of the release and stipulation for discontinuance needs but little commentary. It is obvious that the court and counsel for both parties contributed in almost equal shares to the general confusion which has resulted in this appeal. Defendant's counsel made the initial mistake of concealing the fact that the parties to the litigation had effectuated a settlement until after the trial was in progress. This naturally aroused the ire of plaintiff's counsel and provoked errors of judgment which led to the court's well-meaning but unfortunate attempt to safeguard the lien of plaintiff's counsel at the expense of the defendant's legal rights. Viewing the situation from the calm perspective of disinterested outsiders, the rights and obligations of the respective parties are apparent. The defendant had the undoubted right to procure from the plaintiff a release of the cause of action so long as it was done honorably and fairly, and with due regard to the rights of plaintiff's counsel, of which the defendant had notice. The rights of litigants in that behalf are very clearly enunciated in

the opinion of this court, written by Judge VANN, in the recent case of *Fischer-Hansen* v. *Brooklyn Heights R. R. Co.* (173 N. Y. 492), and need not be re-stated here.    Upon the record before us we are unable to say whether the release and stipulation herein were fairly and honestly obtained as contended by the defendant, or were procured by fraud and deception as claimed by the plaintiff, because that question has not been decided by the courts below.    In the orderly course of procedure defendant's counsel should have brought the fact of the alleged settlement to the attention of the court before the action had been moved for trial, or at least before a jury had been impaneled, and then asked for an order discontinuing the action.    If, upon such an application, the honesty and fairness of the settlement had been challenged by plaintiff's counsel, the court should then have proceeded, by reference or otherwise, to ascertain the facts and make such an order as the circumstances of the case required.    Counsel for the defendant did not see fit, however, to adopt this practice.    They resorted to the unjustifiable expedient of waiting until the trial was in progress before they disclosed to the court and their opponent the fact that a settlement had been made.    But the demand of defendant's counsel for a discontinuance of the action was coupled with an offer to pay plaintiff's counsel any sum to which they were entitled for costs, disbursements and compensation.    Under these circumstances, we think the court should have suspended the trial for the purpose of ascertaining the amount which plaintiff's counsel should have been paid, and when it appeared that the fairness and honesty of the alleged settlement were challenged by plaintiff's counsel, should have taken such proofs as would have enabled it to determine whether the settlement should be enforced or set aside.    At this point plaintiff's counsel contributed to the general confusion by arbitrarily insisting that they had a right to continue the action for the purpose of establishing their lien.  · The defendant's offer to pay plaintiff's counsel whatever sums they should be entitled to had placed the court in a position to fully pro-

tect the rights of plaintiff's counsel, and in that situation the latter should have invoked such protection either by asking to have their compensation fixed if the settlement was to be affirmed, or by tendering proofs upon which they could ask to have it set aside.   The confusion created by these conflicting and erroneous attitudes of the respective counsel was not diminished by the ruling of the court that the trial must proceed unless a motion was made to amend defendant's answer by setting up the release and stipulation as a defense. We shall not pause to discuss the legal effect of this ruling, because we think the facts disclosed by the subsequent proceedings are decisive of this appeal.

When the motion to set aside the verdict came before the trial judge, and counsel for the plaintiff presented affidavits challenging the honesty and fairness of the settlement, the trial court should have granted the defendant's request to be permitted to file opposing affidavits.   It is true that under ordinary circumstances such an issue cannot be tried after a verdict.   It is to be remembered, however, that immediately after defendant's counsel had first presented to the court the stipulation for discontinuance, they had asked for a reference to determine the fact of its execution, and that request was denied by the court.   Had plaintiff's counsel contented themselves with objecting to the hearing of the motion for a discontinuance of the action, on the ground that such a motion could not be entertained after the verdict had been rendered, a different question would have arisen.   Instead of doing that, however, they tendered the issue by presenting affidavits attacking the validity of the settlement, and in these circumstances the court should have granted the request of defendant's counsel to file opposing affidavits, or have directed a reference to take proofs.

In conclusion we may say that upon the record as presented we deem it improper to make categorical answers to the first, second and third certified questions, and, therefore, do not answer them.   The fourth question is answered in the affirmative.   The necessary result is that the orders of the Appel-

late Division and Special Term should be reversed, with costs to the appellant to abide the event of the motion, and the matter remitted to the Supreme Court for such further proceedings as may be necessary to determine whether the verdict herein should be set aside or not.

O'BRIEN, HAIGHT, VANN and WILLARD BARTLETT, JJ., concur; CULLEN, Ch. J., votes to dismiss appeal; HISCOCK, J., not sitting.

Ordered accordingly.